# CASES

ADJUDGED IN

# THE COURT OF CHANCERY

## OF THE STATE OF NEW JERSEY,

### MAY TERM, 1861.

~~~~~~~~~~~~~~~~~~~~~~~~~~

### Philip Gariss *vs.* Elias L. Gariss and others.

In case of a bill for specific performance of an agreement for the sale of
land containing averments of a parol enlargement of the time of pay-
ment, possession, and the erection of permanent improvements, the in-
junction will be dissolved upon the filing of an answer denying those
averments.

It is not necessary that affidavits annexed to answers should be taken upon
notice, or that copies should be served on the adverse party.

Where a motion is made to dissolve an injunction upon the answer, affida-
vits annexed to the answer can only be read in reply to affidavits an-
nexed to the bill.

———————

*McCarter*, for motion.

*Kingman*, contra.

THE CHANCELLOR. The bill was filed to compel the
specific performance of an agreement for the sale and
conveyance of real estate. The agreement bears date on
the 9th of April, 1851. The purchase money was to have
been paid by the complainant, and the deed executed to

him on the 1st of April, 1854. The purchase money was not paid according to the terms of the agreement, but the bill charges that, by a parol agreement between the parties, the time of performance was extended; that the defendant continued to pay interest upon the purchase money; that he remained in possession, and made valuable improvements upon the premises upon the faith of the agreement, and that he also paid a part of the principal of the purchase money. That the complainant continued in undisturbed possession of the premises under the agreement until 1859, when the defendant, Elias L. Gariss, sold and conveyed the premises to a third party, who took title with full knowledge of the complainant's equity, and who now threatens forcibly to eject the complainant from his possession. The bill asks a specific performance of the contract and an injunction to restrain the defendants from interfering with the complainant's possession. The party with whom the agreement to purchase was made and the party to whom the conveyance has since been executed have answered separately, and now ask a dissolution of the injunction.

The whole equity of the bill rests upon the allegations that there was a part performance of the parol agreement to extend the time for the execution of the contract of sale; that the complainant continued in possession, and made permanent improvements on the premises, relying upon the faithful execution of the agreement.

All these facts are fully and explicitly denied by the answers and by the accompanying affidavits. The answer of Elias L. Gariss, with whom the original contract was made, denies that there was any agreement to extend the time for the payment of the purchase money; but avers that the complainant, having failed to perform the contract on his part by paying the purchase money, continued in possession of the premises as a tenant, paying rent from the first of April, 1854, until 1859, when, the premises having been sold to a third party, the complain-

ant surrendered possession to a third party, who has since occupied the premises; that the building erected by the complainant was designed to have been erected upon other lands belonging to the complainant, but the boundary not being well defined was erected partly upon the lands of the defendant. The mistake having been discovered, the defendant, in conveying his lot, so altered the boundary as to leave the building entirely upon the complainant's premises. These facts are fully confirmed by the answer of the other defendant. There is no ground for continuing the injunction.

The affidavits annexed to the answers are inadmissible. It is not necessary that affidavits annexed to and filed with the answer should be taken upon notice or that copies should be served upon the adverse party. But where a motion is made to dissolve an injunction upon the answer, affidavits annexed to the answer can only be used in reply to affidavits annexed to the bill. *Rule IX*, § 4. If the complainant relies upon the averments of the bill, and his own affidavit in support thereof, without the aid of the affidavits of third parties annexed thereto, the defendant must rely solely upon his answer without resorting to the affidavits of third parties.

The injunction is dissolved with costs.